**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4375**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SALATHIEL D. HARRISON,

Defendant - Appellant.

**No. 19-4389**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SALATHIEL D. HARRISON,

Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Greenville. Timothy M. Cain, District Judge. (6:14-cr-00132-TMC-3; 6:18-cr-00991-TMC-1)

Submitted: December 30, 2019                    Decided: January 14, 2020

Before MOTZ, DIAZ, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Barlow Loggins, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Salathiel D. Harrison appeals the 30-month sentence imposed upon revocation of his supervised release and probation. Harrison's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no potentially meritorious grounds for appeal but questioning whether the district court properly revoked Harrison's supervised release and imposed reasonable sentences. We affirm.

We review a district court's revocation of supervised release for abuse of discretion and its underlying factual findings for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). To revoke a supervised release term, the district court need only find by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3) (2018). Harrison's supervised release and probation conditions included that he "not commit another federal, state, or local crime," and Harrison admitted that he committed a new offense for which he had already pled guilty and been convicted. Accordingly, the district court did not abuse its discretion in revoking Harrison's supervised release and probation.

With respect to the sentences, "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). In reviewing a revocation sentence, "we first must determine whether the sentence is procedurally or substantively reasonable," evaluating the same general considerations employed in our review of original sentences. *United States v. Slappy*, 872 F.3d 202, 207

3

(4th Cir. 2017). If we find a sentence unreasonable, then we proceed to determine whether it is "plainly" so. *Webb*, 738 F.3d at 640.

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2018)] factors." *Slappy*, 872 F.3d at 207 (footnote omitted). The "sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (alteration and internal quotation marks omitted).

Based on our review of the record, we conclude that Harrison's sentences are procedurally and substantively reasonable. The district court properly calculated the applicable policy statement ranges, considered the relevant 18 U.S.C. § 3553(a) factors, and explained how they supported the chosen sentences. The court's explanation included a fact-specific discussion of the nature and circumstances of the offense, Harrison's history and characteristics, and the appropriate balance between deterrence and rehabilitation. *See* 18 U.S.C. § 3553(a). Based on these factors, the court sentenced Harrison within the respective policy statement ranges, at or below the maximum sentences allowed by statute. *See* 18 U.S.C. § 3583(e)(3).

In accordance with *Anders*, we have reviewed the entire record in these appeals and have found no meritorious issues for appeal. We therefore affirm the district court's revocation judgments. This court requires that counsel inform Harrison, in writing, of the right to petition the Supreme Court of the United States for further review. If Harrison requests that a petition be filed, but counsel believes that such a petition would be frivolous,

4

then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harrison. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*